# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ADRIAN PEREZ,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**JANE STANDIFIRD, Warden,** )<br>)<br>**Respondent.** ) | Case No. CIV-11-121-M |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pursuant to an order entered by Chief United States District Judge Vicki Miles-LaGrange, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The petition has been examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases, and it is recommended that the petition be dismissed upon filing as untimely.

By this action, Petitioner challenges his conviction for using a vehicle to facilitate the intentional discharge of a firearm. Case No. CF-2003-1656, District Court of Oklahoma County. Petition, 1. On October 13, 2004, the trial court sentenced him to fourteen years imprisonment in accordance with the jury's verdict. Petition, 1; Brief in Support of Petition for Habeas Corpus Relief (Brief in Support), Ex. 2. Petitioner waived his right to a direct appeal. Petition, 2; Brief in Support, Ex. 2, p. 3. On August 10, 2006, Petitioner filed a state application for post-conviction relief. Petition, 2-3. The application was denied by the state district court on January 30, 2007. Petition, 3; Brief in Support, Ex. 2. Petitioner did not

appeal from this denial. Petition, 4. Petitioner filed a second state application for post-conviction relief on March 29, 2010, which was denied on May 12, 2010. Petition, 3; Ex. 3. Petitioner did appeal from this denial, and the Oklahoma Court of Criminal Appeals affirmed on September 16, 2010. Case No. PC-2010-562, Oklahoma Court of Criminal Appeals; Petition, 5; Brief in Support, Ex. 4. The petition for federal habeas relief now under consideration was filed in this Court on February 10, 2011. Petition, 1.

Petitioner raises three grounds for relief. In Ground One, he claims that his trial counsel was ineffective for failing to inform the jury that due to the nature of his crime he would not be eligible for parole until having served 85% of his sentence. Petition, 4. In Ground Two, he claims that his trial counsel was ineffective for incorrectly advising him that he would only serve 5 years of the 14 year sentence, influencing Petitioner to waive his right to direct appeal. Petition, 5-6. Finally, in Ground Three, Petitioner alleges that the trial court erred in failing to advise the jury that he would have to serve 85% of his sentence before being eligible for parole. Petition, 7.

## I. SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Additionally, "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an

opportunity to present their positions." Day, 547 U.S. at 210. This Report and Recommendation provides both fair notice and an opportunity for Petitioner to present his position by filing an objection to the Report and Recommendation. When raising the issue sua sponte, the district court must also "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." Id. (internal quotation marks omitted); Thomas v. Ulibarri, No. 06-2195, 214 Fed. Appx. 860, 861 n.1 (10th Cir. Jan. 31, 2007).[1] Finally, a Court may dismiss a § 2254 habeas petition sua sponte only if the petition is clearly untimely on its face. Kilgore v. Attorney General of Colorado, 519 F.3d 1084, 1085 (10th Cir. 2008). The initial review of the petition shows that the petition is untimely filed, and for that reason, it is recommended that the petition be dismissed upon filing.

## II. AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one year limitations period governing the claims of a habeas petitioner in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B), (C) or (D), the limitations period generally begins to run from the date on which the conviction becomes final. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Because Petitioner did not file a direct appeal from his conviction, his conviction was final on October 23, 2004 – which was the expiration of the time for seeking a direct appeal. Okla. Stat. tit. 22, Ch. 18 App. Rule 2.1(B) (filing of the Notice of Intent to Appeal and Designation of Record in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal). Thus, the one-year limitation began to run on October 24, 2004 and expired on October 24, 2005.[2] See Pfeil v. Everett, No. 01-8003, 9 Fed. Appx. 973, 977 (10th Cir. June 6, 2001) (when the petitioner did not file an appeal, "the ninety-day time period for appeals to the United States Supreme Court did not extend the

---

[2]The undersigned notes that one of the orders denying state post-conviction relief refers to a motion for sentence modification filed on September 22, 2005, and denied on October 6, 2005. Brief in Support, Ex. 2, ¶ 3. The United States Supreme Court has recently held that statutory tolling is available for motions to reduce sentence under Rhode Island law. Wall v. Kholi, ___ S.Ct.___, 2011 WL 767700, at *7 (U.S. Mar. 7, 2011). Although the Tenth Circuit Court of Appeals has not yet had occasion to consider Oklahoma's sentence modification procedure in light of Kholi, the fourteen days during which the motion for sentence modification was pending would not affect the recommended disposition of this case.

4

date that his judgment and sentence became final"); see Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. Mar. 14, 2007) (the one year period of limitations commenced the next day after conviction became final). The petition herein was filed on February 10, 2011, over five years after the limitations period expired. Petition, 1. Thus, under § 2244(d)(1)(A) the petition is untimely absent statutory or equitable tolling.

Because Petitioner alleges that counsel failed to advise him that the crime of which he was convicted was subject to the 85% Rule, and that the trial court also failed to advise the jury of this fact, the undersigned has considered whether 28 U.S.C. § 2244(d)(1)(D) should be applied to determine when the AEDPA limitation period began to run. Petitioner alleges that "[f]ollowing the sentencing, Counsel promised Petitioner's mother that Petitioner would be out of prison in five (5) years," and that "several months later Petitioner discover[ed] that this information was not correct and He would not be eligible for parole for approximately 12 years." Brief in Support, 5. However, even if the Court were to liberally construe his allegation to mean that Petitioner did not discover the factual predicate of his claim regarding the 85% Rule until August 10, 2006 – the date he filed his initial state application for post-conviction relief raising the issue, his federal habeas petition would still be untimely. Assuming that Petitioner was aware of the 85% Rule no earlier than August 10, 2006, and that the limitations period was tolled until thirty days[3] after his initial post-

---

[3]After the state district court denied his application on January 30, 2007, Petitioner failed to file an appeal within the thirty days allowed by rule. See Rule 5.2(C)(1)-(2), Rules of the Oklahoma Court of Criminal Appeals. The limitations period nonetheless continued to be tolled for that thirty-day period during which an appeal could have been timely filed. Williams v. Gibson, 237 F.3d 1267, 1269 (10th Cir. 2001) (holding that "the limitations period is tolled during the period in which

5

conviction application was denied, the AEDPA period would have began to run on March 2, 2007, and would have expired on March 2, 2008. Thus, whether §2244(d)(1)(A) or §2244(d)(1)(D) is applied, Petitioner's current federal habeas petition is untimely in the absence of statutory or equitable tolling.

### A. STATUTORY TOLLING

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). However, only those applications for state post-conviction relief filed prior to the expiration of the AEDPA limitations period will toll it. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). If the AEDPA limitations period is considered to run from the date Petitioner's conviction was final per § 2244(d)(1)(A), Petitioner's first state application for post-conviction relief was filed approximately ten months after the limitations period expired. If the AEDPA limitations period is instead measured under § 2244(d)(1)(D), his next state post-conviction application was filed over two years after the AEDPA limitations period expired. Under either scenario, there is no statutory tolling for either of Petitioner's state post-conviction applications because they were filed after the AEDPA limitations period had already expired.

---

the petitioner could have sought an appeal under state law").

**B. EQUITABLE TOLLING**

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). The petitioner bears the burden to demonstrate that equitable tolling applies. Cooper v. Bravo, No. 00-2462, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citing Miller, 141 F.3d at 978).

The only statement made by Petitioner with regard to timeliness of his petition is that he "should not be barred for reason of a properly filed application for State Post Conviction with respect to Petitioner's claims." Petition, 10. Petitioner is apparently relying on statutory tolling for his previous state applications for post-conviction relief and, as explained above, that argument is without merit. Petitioner raises no argument as to why the limitations period should be equitably tolled. However, even if Petitioner could show that he was unable to timely file due to extraordinary circumstances beyond his control, it is clear that he did not diligently pursue his federal claims. Petitioner waited almost two years after his sentencing to file his first application for state post conviction relief, even though he alleges that he was aware of the basis of his claim several months after his sentencing. After the first application for state post-conviction relief was denied, he failed to appeal, and then waited three more

7

years to file his second state application for post-conviction relief. After that second application was denied and affirmed on appeal, Petitioner again waited almost five months to pursue federal habeas relief. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). In light of this delay, equitable tolling is not appropriate. Accordingly, it is recommended that the petition be dismissed on filing as untimely.

In making this recommendation, the undersigned has considered whether the Petitioner is significantly prejudiced thereby and whether the interests of justice would be better served by addressing the merits of the petition. See Day, 547 U.S. at 210; Thomas v. Ulibarri, No. 06-2195, 214 Fed. Appx. 860, 861 n.1 (10th Cir. Jan. 31, 2007). The undersigned finds no significant prejudice in that Petitioner's claims are of doubtful merit based on the deferential standard of review and the fact that some of the claims appear to raise state law issues. Thus, the undersigned finds that the interests of justice are better served by a resolution based on the untimeliness of the petition.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the petition be dismissed upon filing as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by April 11, 2011, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to

appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**Dated this 21st day of March, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE